■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILBERT ROBINSON, Also Known as GILBERT ROBINSON and CLIFFORD ROBINSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 28, 1968, convicting him of murder in the second degree, upon a jury verdict, and sentencing him to a prison term of 30 years to life. Judgment affirmed. On defendant's prior appeal after a previous trial we overturned his conviction of felony murder in the first degree and directed a new trial (*People* v. *Robinson*, 28 A D 2d 916). His present appeal is from the conviction, after a second trial, of murder in the second degree. He contends that this conviction violated his constitutional protection against double jeopardy. We cannot agree. At the first trial, no evidence of common law or premeditated murder was introduced by the People; and the court did not charge on that offense or any lesser degrees thereof. Accordingly, there was no opportunity for the jury to convict defendant of those crimes and defendant was not placed in jeopardy at that time (*People* v. *Jackson*, 20 N Y 2d 440). Furthermore, the court at the second trial properly charged the jury on the various degrees of common-law murder. The indictment charged defendant, *inter alia*, with shooting the decedent with "malice aforethought" and there was evidence he shot the decedent in the back as he (the decedent) ran away from him (defendant). From this, the jury could find defendant "intended" to kill his victim, albeit they might also find that the killing occurred during the course of a felony (robbery) (*People* v. *Leonti*, 18 N Y 2d 384, 391–392). The fact that the prosecutor at the second trial concentrated his attention on establishing felony murder does not rule out the possibility of his also proving (as we think he did here) the intent to kill during the course of a felony (see *People* v. *Luscomb*, 292 N Y 390, 398; see, also, *People ex rel. Maurer* v. *Jackson*, 2 N Y 2d 259, 264). Finally, we do not deem the reference by the prosecutor during his summation to defendant's

conviction at the first trial sufficient to require still another trial. This is not to condone those remarks, which we find highly improper. However, we feel any impropriety was cured by (1) the fact that reference was made to the first trial and defendant's conviction throughout the entire second trial by defendant as well as the People, so that the jury was well aware of what had occurred, (2) the trial court's sustaining defendant's objection to the remarks and (3) the trial court's granting of defendant's request to charge that the jury "should under no circumstances consider the verdict of the former jury. This is an entirely different case." We have considered all of defendant's contentions on this appeal and find them to be without merit. Christ, Acting P. J., Rabin, Hopkins, Munder and Latham, JJ., concur.