■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HUDSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 16, 1978, upon a verdict convicting defendant of the crime of robbery in the second degree. On June 6, 1977 at approximately 10:15 P.M., in furtherance of a plan to commit armed robbery, two men named Henry Edge and Roger Nelson entered O'Connor's grocery store at 36 Judson Street in the City of Albany and held a gun on the proprietor and Timothy Hudson, the defendant, who, as planned, had preceded Edge and Nelson into the store. The defendant, playing the role of an innocent bystander, shouted, "Don't shoot me", and extracted the owner's wallet from his pocket and gave it to Nelson as Edge emptied the cash register. When the police arrived, defendant Hudson accompanied them to police headquarters where he executed a written statement and examined photographs in a "mug" book. He stated he was unable to identify the photos of the two men who robbed Mr. O'Connor although their photographs were included in those examined. Defendant was not held by the

Albany police. On July 1, 1977 Edge and Nelson were arrested on an unrelated burglary charge. In connection with booking procedures on this separate crime, they were informed by Inspector Voss that they, along with defendant Hudson, were implicated in the robbery of the O'Connor grocery store. Both Nelson and Edge voluntarily gave written statements concerning their participation, along with defendant Hudson, in the grocery store robbery. Edge's statement was dated July 2, 1977. Thereafter, defendant was indicted on two counts of robbery in the first degree (Penal Law, § 160.15, subds 2, 4) and one count of robbery in the second degree (Penal Law, § 160.10, subd 1). After trial, defendant was found guilty of one count of robbery in the second degree and sentenced to imprisonment. On appeal, defendant contends the trial court erred (1) in admitting the confession of Henry Edge into evidence, (2) in holding there was sufficient evidence to corroborate the accomplice testimony, (3) in refusing to set aside the verdict because of prosecutorial misconduct during summation and (4) in permitting a repugnant verdict to stand. We deal with these issues seriatim. On cross-examination of Henry Edge, conversations of Edge with Roger Nelson and Michael Robinson were elicited to show that Edge had a vindictive bias toward the defendant because he believed that Hudson had implicated him in the grocery store robbery and he wanted to "get" Hudson. Clearly, the thrust of defendant's cross-examination of Edge was to create in the minds of the jurors the impression that Edge's testimony was a recent fabrication intended to convict defendant. Accordingly, since the dates of the conversations with Nelson and Robinson were November 2, 1977 and July 15, 1977, respectively, both subsequent to the date of Edge's statement, July 2, 1977, said statement of Edge was properly received into evidence as a prior consistent statement made at a time when there was no motive to falsify. The statement was received not to rehabilitate the witness' testimony, but to rebut the implication that Edge was falsifying his proof (*People v Davis,* 44 NY2d 269, 277). Next, CPL 60.22 (subd 1) provides that "A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." Here, corroborative of the testimony of accomplice Edge, there was proof that defendant Hudson was present in the store during the robbery, that he distracted the attention of the store owner to permit the entry of Edge and Nelson, that he deliberately failed to identify the photographs of Edge and Nelson although both men were known to him, and, further, that he returned to 9 Wilkins Avenue in Albany after the crime where he participated in the division of the robbery spoils. Such nonaccomplice evidence was more than ample to connect the defendant with the commission of the crime in such a way as could reasonably satisfy the jury that accomplice Edge was telling the truth (*People v Daniels,* 37 NY2d 624; *People v Brown,* 30 AD2d 279, 281). Such proof need not exclude to a moral certainty every hypothesis but that of wrongdoing (*People v Daniels, supra; People v Kohut,* 30 NY2d 183). It is not necessary that corroborative evidence establish every element of the offense (*People v Brannon,* 58 AD2d 34, 39). Where, as here, there is evidence of corroboration that tends to connect the defendant with the commission of the crime, then the question of sufficiency is for the jury (*People v Fiore,* 12 NY2d 188; *People v Robinson,* 28 AD2d 916, 34 AD2d 652, affd 28 NY2d 663). The trial court properly submitted this issue to the jury (*People v Duncan,* 46 NY2d 74). Next, our review of the prosecutor's opening and summation, particularly those portions alleged to be grossly prejudicial to defendant, fails to persuade us, in the absence of objections by

defense counsel, that the defendant has in any way demonstrated that he has been deprived of a fair trial (CPL 470.15, subd 6, par [a]). Lastly, defendant's contention that the guilty verdict on only one count of robbery in the second degree was repugnant and should have been set aside is without merit. Here, unlike in *People v Williams* (47 AD2d 262) relied upon by defendant, the elements of robbery in the second degree charged as a lesser included offense (Penal Law, § 160.10, subd 2, par [b]) and robbery in the second degree charged in the indictment (Penal Law, § 160.10, subd 1) are not identical, the former requiring the accused to have displayed what appears to be a firearm and the latter requiring only that he be aided by another person actually present. Two separate counts of different subdivisions of robbery in the second degree were charged by the trial court and, since consistency in the verdict between two separate counts is not required, we cannot look behind the jury's verdict to determine why it chose to acquit on one count and not another *(People v Williams, supra)*. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.