OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the case remitted to that court for consideration of the facts.
 

 The role of independent proof to meet the requirements for corroboration under CPL 60.22 (subd 1) is “to connect the defendant with the commission of the crime, not to prove he committed it”
 
 (People v Hudson,
 
 51 NY2d 233, 238). For this purpose, matters which in themselves may be of seeming indifference may be “so harmonized ‘ “with the accomplice’s narrative as to have a tendency to furnish the necessary connection between the defendant and the crime” ’
 
 (People v Daniels,
 
 37 NY2d 624, 629)”
 
 (People v Cunningham,
 
 48 NY2d 938, 940).
 

 These principles in mind, we note that the independent witness Adams, who knew the defendant all her life, testified that, on the night of the homicide, upon looking in the direction from which she heard the shot, she at once saw “two guys [bending] over a man” and a third man walk away from where the body of the victim was lying. She also testified that there was then no one else around the body. She further testified that, without ever having looked away from the scene of the crime, she next noticed the men, including the third man, return and then recognized the latter as the defendant.
 

 
 *947
 
 On this testimony, the trial court charged the jury, without exception: “[I]f you believe [Adams’] testimony tends to connect the defendant with the commission of the crime you would be justified in finding the defendant guilty. If you do not believe her, if you disregard her testimony, you must acquit. If you do not believe her testimony tends to connect the defendant with the commission of the crime, you must acquit”. On this charge, and taking' the testimony of Adams most favorably to the People, as we must at this stage in view of the verdict of the jury
 
 (People v Pena,
 
 50 NY2d 400, 407), it cannot be said that the corroboration was insufficient as a matter of law.
 

 Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Jasen taking no part.
 

 Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.