OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, by vacating the conviction and sentences as to counts one through three of the indictment and dismissing said counts, and the matter remitted to Niagara County Court to determine whether resentencing is appropriate in view of this court’s modification, and, as so modified, affirmed.
Defendant was convicted upon a jury verdict of six counts involving separate burglaries at Dan’s MiniMart and Rosh’s Roost Tavern and sentenced to multiple concurrent sentences, the longest of which had a maximum of six years and a minimum of three years’ imprisonment. The principal prosecution witnesses at trial were codefendants Robert Gates and John Rutherford, each of whom had pleaded guilty to reduced charges. Gates testified only that defendant was with him on the day of the crime. Rutherford gave a detailed account of defendant’s involvement in both burglaries.
*733 Rutherford was an accomplice as a matter of law, he was an actual participant in the crimes charged (CPL 60.22, subd 2), and corroboration of his testimony was required to sustain the convictions. The People’s evidence had to establish that defendant was connected with the crimes, not to the extent of proving him guilty of them, but sufficiently to satisfy the jury that Rutherford was telling the truth (People v Smith, 55 NY2d 945; People v Daniels, 37 NY2d 624).
Defendant’s participation in the tavern burglary was independently corroborated by the testimony of a Sheriff’s assistant who tracked defendant with a bloodhound from the scene of the crime and found him in a nearby field with codefendant Gates and by evidence that defendant possessed the same amount of money taken from the tavern. Defendant’s involvement in the Dan’s MiniMart burglary, however, was not sufficiently corroborated. The only evidence tending to connect defendant with that burglary was Gates’ testimony that he was with defendant on the day of the crime which, standing alone, is insufficient (see People v Kress, 284 NY 452, 460). Accordingly, the counts of the indictment relating to the Dan’s MiniMart burglary (numbered 1-3) should have been dismissed at the close of the People’s case.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified and case remitted to Niagara County Court for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.