■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN SCHUMER, Appellant. — Appeal by defendant from a

judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered December 8, 1983, as amended December 21, 1983, convicting him of attempted murder in the second degree, assault in the first degree, conspiracy in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment, as amended, affirmed, and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Defendant was convicted, upon a jury verdict, of various charges in connection with his participation in the attempted murder of his wife. On this appeal, he claims that his guilt was not established beyond a reasonable doubt and that, in any event, there was insufficient independent evidence to corroborate certain accomplice testimony (CPL 60.22). We disagree.

Viewed in the light most favorable to the People, as it must be at this stage, it is plain that the evidence was sufficient to satisfy a rational fact finder that defendant conspired with two others to kill his wife (*see, People v Malizia,* 62 NY2d 755). The accomplice testimony was corroborated by defendant's tape-recorded statements in which he, *inter alia,* expressed concern that the gunman might talk about the crime and concocted a false story to relate to the police, and by his wife's testimony that the defendant kept her waiting at the crime scene and then drove away suddenly, contrary to his usual practice.

Thus, the accomplice testimony was supplemented by several additional items of evidence including the defendant's own statements, all of which "tend[ed] to connect" him with the crime (CPL 60.22 [1]; *see, People v Tillotson,* 63 NY2d 731; *People v Smith,* 55 NY2d 945; *People v Burgin,* 40 NY2d 953; *cf. People v Moses,* 63 NY2d 299). Accordingly, his conviction should be affirmed. Titone, J. P., Mangano and Niehoff, JJ., concur.

Lazer, J., concurs in the result, with the following memorandum: While I concur in the affirmance, I do so on a more limited ground than my colleagues. I cannot agree that defendant's very carefully phrased responses to the police agent who sought to inculpate him can be translated into corroboration. The most that can be garnered for the People from these conversations is that defendant's persistent refusal to acknowledge any guilt reflected in some fashion a consciousness of guilt. But, as Judge Kaye recently wrote, "[w]here an accomplice's testimony is bolstered only by evidence of consciousness of guilt, this court has been reluctant to find the necessary corroboration" (*People v*

*Moses,* 63 NY2d 299, 309). I do not find the taped conversations to be corroborative.

I do find, however, that defendant's unusual conduct at the parking lot where the assault took place tends to connect him with crime.