■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PASINI, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered

May 9, 1983, convicting him of attempted promoting prostitution in the second degree, promoting prostitution in the third degree (13 counts), promoting prostitution in the fourth degree (two counts), and attempted promoting prostitution in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was tried on a multi-count indictment arising out of his operation of a prostitution ring from February 1982 through July 15, 1982. The jury heard the testimony of 14 females whom defendant had aided or attempted to aid to engage in acts of prostitution, and seven patrons solicited by defendant.

Five of the females were under 17 years of age when defendant attempted to advance or profit, or did advance or profit, from their acts of prostitution. Their testimony established that defendant's *modus operandi* involved approaching females in public places, inquiring whether they were interested in modeling, inviting them to his place of business, the "Executive" modeling agency, and then encouraging them to become "escorts". Defendant arranged the girls' "dates", drove them to and from designated meeting places, and took one-half the money paid by the patron.

Defendant was ultimately convicted of 17 counts involving the promotion of prostitution. On this appeal, he contends, *inter alia,* that his convictions are not supported by legally sufficient evidence but rest solely upon uncorroborated accomplice testimony. We disagree.

Although prostitutes and their patrons may be considered accomplices as that term is defined in CPL 60.22 (2), the Penal Law expressly provides that: "In a prosecution for promoting prostitution, a person less than seventeen years of age from whose prostitution activity another person is alleged to have advanced or attempted to advance or profited or attempted to profit shall not be deemed to be an accomplice" (Penal Law § 230.35).

Accordingly, the five females who were under 17 years of age at the time they became involved with defendant are not accomplices whose testimony need be corroborated.

Moreover, their testimony supplied the necessary corroboration of the statements of the other nine females and the seven patrons. Their demonstration of defendant's common design, as well as their corroboration of specific occurrences, was sufficient independent proof to connect defendant with the commission of the other crimes (*see, People v Glasper,* 52 NY2d 970; *People v Smith,* 55 NY2d 945).

Accordingly, we hold that the jury's verdict was supported by legally sufficient evidence. Furthermore, our review of the record reveals that any rational trier of fact could have found defendant guilty beyond a reasonable doubt. Inasmuch as the remaining claims raised by defendant are meritless, we affirm the judgment. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.