■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMAND KELLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered August 29, 1986, convicting him of burglary in the second degree and criminal possession of stolen property in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the independent evidence tending to connect him with the crime, as required by CPL 60.22 (1), was legally insufficient to corroborate the testimony of the accomplice. We disagree. The independent corroborative evidence need only "tend * * * to connect" the defendant to the commission of the crime charged; it need not prove that he committed it (CPL 60.22 [1]; *People v Hudson,* 51 NY2d 233, 238). Nor need it independently establish each element of the offense *(see, People v Cunningham,* 48 NY2d 938). At bar, the defendant's presence at the scene, although generally insufficient corroboration in itself *(see, People v Hudson, supra; People v Wasserman,* 46 AD2d 915), is sufficient when viewed in the context of the defendant's own testimony *(see, People v Burgin,* 40 NY2d 953) and other evidence in the record.

The defendant, his taxicab placed at the scene of the burglary by independent testimony, testified that he drove for approximately six hours making at least six stops, while the men he claimed to be mere passengers sold most of the stolen goods. The defendant was subsequently arrested while driving with these men, and some of the stolen goods were found in the passenger compartment and trunk of his vehicle and upon the passengers. We find that this evidence, when all the evidence is viewed cumulatively *(see, People v Hudson, supra),*

"tends to connect" the defendant to the crime charged—acting in concert to burglarize the complainant's home.

Moreover, in according the People the benefit of every favorable inference, as we must *(see, People v Contes,* 60 NY2d 620, 621), we find that there was legally sufficient evidence that the defendant possessed the goods found in his vehicle upon his arrest *(see, People v Dennis,* 88 AD2d 963). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15). Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.