■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD DAWKINS, Appellant.—Appeal by the defendant from

a judgment of the County Court, Nassau County (Thorp, J.), rendered May 19, 1986, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the independent evidence tending to connect him to the crime, as required by CPL 60.22 (1), was legally insufficient to corroborate the testimony of his accomplice Gregory Baldwin. We disagree. The requisite independent proof need only connect the defendant to the commission of the crime; it need not prove that he committed it (see, People v Hudson, 51 NY2d 233, 238). Moreover, the corroborating evidence is sufficient if it tends to connect the defendant to the crime so as to reasonably convince the jury that the accomplice is telling the truth (see, People v Moses, 63 NY2d 299, 306; People v Glasper, 52 NY2d 970, 972). At bar, the defendant's presence at the scene, although insufficient corroboration in itself (see, People v Hudson, 51 NY2d 233, supra; People v Wasserman, 46 AD2d 915), is sufficient when coupled with the other evidence. The testimony of the arresting officer who had proceeded to the scene of the crime in response to a radio call of a burglary in progress established that the defendant and his accomplice were found sitting on the front stoop of the burglarized premises. He found a window of the adjoining garage was broken and evidence of tampering with respect to a sliding door in the back of the premises. The officer also recovered pieces of metal in the doorjamb of the premises which matched the knife he had recovered from Baldwin. Moreover, a neighbor in a house adjoining the crime scene who had observed the defendant's and Baldwin's activities testified that the defendant had placed his hand through the broken garage window in an apparent effort to gain entry to the premises. Although the neighbor's account in this regard is at odds with the testimony of the defendant's accomplice, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Under these circumstances, such discrepancy has no bearing on the issue of whether corroboration was sufficient as a matter of law (see, People v Fiore, 12 NY2d 188, 201-202). We are satisfied that this evidence, when viewed cumulatively, sufficed to corroborate the accomplice's testimony so as to fairly and reasonably connect the defendant to the crime charged, i.e., acting in concert to burglarize the

house in question *(see, People v Kelley,* 142 AD2d 690; *People v Cuevas,* 99 AD2d 553).

The defendant further contends that the court failed to provide a "meaningful response" to the jury's request for clarification of the definition of aiding and abetting. The defendant made no objection thereto at trial and, thus, has failed to preserve any alleged error with respect to the court's response *(see,* CPL 470.05 [2]; *People v Gonzales,* 77 AD2d 654, *affd* 56 NY2d 1001; *see, People v Lee,* 120 AD2d 678). In any event, the mere fact that the court relied on its prior instructions in responding to the jury's request for supplemental instructions does not give rise to reversible error where, as here, there was no showing that the jury was perplexed or confused after the repeated instructions *(People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847). Nor was there any showing that the instructions were incorrect or otherwise prejudiced the defendant *(cf., People v Valerio,* 141 AD2d 585).

We further reject the defendant's claim of error with respect to the court's denial of his request to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. No reasonable view of the evidence would support a conclusion that the defendant, while on the premises in question, placed his forearm through the window of the garage for an innocent purpose, and, therefore, the request to charge was properly denied *(People v Glover,* 57 NY2d 61; *People v Woolard,* 124 AD2d 763; *People v Flores,* 113 AD2d 899).

Lastly, we have reviewed the defendant's sentence and find it to be fair and appropriate under the circumstances *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.