██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FURMOND S. BOLDEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of conspiracy in the second degree, criminal sale of a controlled substance in the first and second degrees, and criminal possession of a controlled substance in the second and third degrees arising out of two separate sales of cocaine to an undercover officer. On appeal, defendant contends that the trial court's instructions with respect to corroboration of accomplice testimony were inadequate because the court failed to instruct the jury that defendant's mere presence at or near the scene of the crime was insufficient to corroborate the accomplices' testimony.

Initially we note that there was no request for a "mere presence" charge, nor did defendant take any exception to the court's charge. Thus, the issue has not been preserved for appellate review (CPL 470.05 [2]). Nevertheless, defendant requests this court to review the issue in the interest of justice (CPL 470.15 [6] [a]). Since this issue is intertwined with defendant's remaining claim that there was insufficient independent evidence to corroborate the testimony of the accomplice, we will address it with that issue.

The trial court properly instructed the jury that prosecution witnesses Leon Russell and Billie Webster were accomplices as a matter of law. Upon our review of the record, however, we find no merit to defendant's claim that the only testimony implicating him in the two sales of cocaine came from those two accomplices and that there was not sufficient independent evidence to corroborate their testimony.

Although it is true that defendant's mere presence at or near the scene of the crime may not be sufficient corroboration in itself *(People v Moses,* 63 NY2d 299, 307; *People v Lanza,* 57 NY2d 807, *revg on dissent* 83 AD2d 714; *People v Hudson,* 51 NY2d 233, 240; *People v Dawkins,* 151 AD2d 495, 496, *lv denied* 74 NY2d 846), evidence that defendant was present at the scene of the crime or was with the accomplices shortly before or after the crime can, under certain circum-

stances, provide the necessary corroboration of the accomplices' testimony *(People v Chamberlain,* 38 AD2d 306, 310). The proof at trial demonstrated more than defendant's mere presence at the scene of the drug transactions at the time they took place. The evidence established that, on each of the two occasions, the undercover officer went to the accomplice's house to purchase the cocaine and had to wait until defendant arrived before the drug transaction could be consummated. On the second occasion, surveillance officers observed one of the accomplices walk to the corner laundromat to make a telephone call and wait outside for defendant to arrive before he sold the cocaine to the undercover officer. Additionally, on each occasion, defendant left the scene shortly after the sale took place. In our view, that proof tended to connect defendant with the drug sales and sufficiently corroborated the accomplices' testimony *(see, People v Comfort,* 151 AD2d 1019, *lv denied* 74 NY2d 807; *People v Chamberlain, supra).* (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—criminal sale of controlled substance, first degree.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.