THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIO DOMINGO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendants Elio Domingo and Luis Villegas were convicted, following a joint jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree arising out of their participation in the sale of more than two ounces of cocaine to an undercover police officer in the City of Rochester. On appeal, each of the defendants contends that the case was improperly submitted to the Monroe County Grand Jury without the prior consent of the court after the matter had previously been considered by a Federal Grand Jury. Initially, we note that the record does not reveal why the matter was withdrawn from consideration by the Federal Grand Jury prior to its being voted on. In any event, we agree with the trial court that CPL 190.75 (3), which governs the procedure after a charge has been dismissed by a Grand Jury, is not applicable in the circumstances of this case *(cf., People v Wilkins, 68 NY2d 269).*

In our view, the application in support of the eavesdropping warrant made an adequate showing that normal investigative techniques had been tried without success or that they would be unlikely to succeed if tried *(see, CPL 700.15 [4]; People v Campaigni, 151 AD2d 1010; People v Baris, 116 AD2d 174, lv denied 67 NY2d 1050).* Moreover, we find that the credentials

of the translator of the Spanish conversations, which were the basis for the wiretap warrant, were adequately established. Furthermore, we find that the People properly served notice of the wiretap within the time permitted by the court's final extension order and that the court's mistake as to the expiration date of the prior extension order did not bring such service outside the statutory time period of CPL 700.50 (3).

Finally, the evidence was legally sufficient to convict defendants and the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). We also conclude that there was sufficient independent evidence to corroborate the testimony of the admitted accomplice *(see, People v Bolden,* 161 AD2d 1126 [decided herewith]; *People v Comfort,* 151 AD2d 1019, *lv denied* 74 NY2d 807).

We have reviewed defendant's remaining claims and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—criminal sale of controlled substance, first degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lowery, JJ.