■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO FUNDORA, Appellant.—Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered October 22, 1991, convicting defendant, after a nonjury trial, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

We reject defendant's claim of insufficient evidence to sustain the conviction, as well as his claim that the trial court erred in ruling that a People's witness was not an accomplice in law or in fact.

Evidence at trial indicates that the only connection of the witness in question to the crime charged was an apparent intention to assist in transporting the victim to the hospital for medical assistance, thus precluding a ruling that the witness was an accomplice as a matter of law (see, People v Cobos, 57 NY2d 798, 801). The record amply supports the trial court's finding (as the trier of fact) that the witness in question did not possess the mental culpability to commit any crime connected with the murder of the victim, and thus was not an accomplice in fact (see, People v Basch, 36 NY2d 154, 157).

Viewing the evidence at trial in the light most favorable to the People, and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of the crime charged was proven by overwhelming evidence (People v Bleakley, 69 NY2d 490). The accomplice testimony was fully corroborated by independent evidence tending to connect defendant with the commission of the crime, supplied by the testimony of the witness (whose attempt to secure medical treatment for the victim was thwarted by the knife-wielding defendant's threat to his life), as well as by medical and police testimony regarding the nature and location of the victim's injuries and defendant's flight to avoid police investigation (see, People v Hudson, 51 NY2d 233, 238). Concur—Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.