■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JERMOTT, Appellant. [605 NYS2d 920] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered July 11, 1991, convicting him of manslaughter in the first degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, there was sufficient corroboration of his accomplices' testimony tending to connect him with the commission of the crimes charged *(see,* CPL 60.22 [1]; *People v Bretti,* 68 NY2d 929; *People v Tillotson,* 63 NY2d 731; *People v Glasper,* 52 NY2d 970; *People v Burgin,* 40 NY2d 953; *People v Dawkins,* 151 AD2d 495). Moreover, the record establishes that the court's accomplice corroboration charge sufficiently apprised the jury of the proper standards for reviewing the relevant evidence.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reason-

able doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

We find that the defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bartlett,* 191 AD2d 574; *People v Staton,* 162 AD2d 562) or lacking in merit. Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.