■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMITRIOUS STANLEY, Appellant. [712 NYS2d 6] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered May 30, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a juvenile offender, to a term of 9 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence supports the conclusion that a witness who was present at the crime scene and disposed of the weapon, and whose accomplice status was submitted to the jury as a question of fact, was not an accomplice but, at most, an accessory after the fact whose testimony did not require corroboration (*see, People v Cobos,* 57 NY2d 798, 801; *People v Sacco,* 199 AD2d 288, *lv denied* 84 NY2d 832; *People v Kretchmer,* 181 AD2d 1043, *lv denied* 80 NY2d 833). Furthermore, there was ample independent testimony to corroborate the testimony of this witness and another witness whose accomplice status was charged as a matter of law (*see, People v Breland,* 83 NY2d 286, 292-293; *People v Fundora,* 187 AD2d 398, *lv denied* 81 NY2d 839). The People established an extensive chain of corroborating evidence. While some of the individual

links of this chain may have had little probative value standing alone, when taken together they provided strong corroboration. Contrary to defendant's argument, the independent testimony did more than establish his mere presence at the scene (see, People v Smith, 55 NY2d 945; People v Hudson, 51 NY2d 233, 239-240).

The court's instructions on accomplice testimony and corroboration were proper. When read as a whole, the charge on accomplice status as a factual issue properly instructed the jury on how to evaluate the witness's disposal of the weapon in relation to the other evidence relevant to the witness's accomplice status. The charge concerning particular items of evidence alleged to be corroborative was proper, since, as discussed previously, each of the enumerated items was probative when viewed in the context of other evidence.

The court properly exercised its discretion in imposing reasonable restrictions on cross-examination (see, People v Melcherts, 225 AD2d 357, lv denied 88 NY2d 881) and defendant received ample latitude to impeach the witnesses as to the matters in question. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

We perceive no abuse of discretion in sentencing.

We have considered and rejected defendant's remaining claims. Concur—Williams, J. P., Tom, Rubin and Andrias, JJ.