■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WASHINGTON, Appellant. [813 NYS2d 90]—

Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J., at hearing; Megan Tallmer, J., at jury trial and sentence), rendered April 14, 2004, convicting defendant of two counts of murder in the second degree and two counts of robbery in the second degree, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.

The court properly denied suppression of defendant's statement made to a Maryland police detective after defendant's arrest on a Maryland warrant. Defendant's right to counsel on the instant case did not attach upon issuance of the Maryland warrant and was not triggered until action was taken against defendant in New York, regardless of whether there was any connection between the Maryland and New York cases (*People v Ridgeway*, 64 NY2d 952 [1985]).

The court provided an appropriate charge on corroboration of accomplice testimony. The court clearly instructed the jury to consider all the nonaccomplice evidence, including defendant's confession, as a whole and in the context of the accomplice evidence (*see People v Stanley*, 273 AD2d 132 [2000], *lv denied* 96 NY2d 835 [2001]). In listing various items of nonaccomplice evidence, the court never suggested that relatively minor items, standing alone, would satisfy the corroboration requirement. To the extent that defendant is raising a constitutional claim, it is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit. Concur—Nardelli, J.P., Williams, Catterson, McGuire and Malone, JJ.