■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMBERLY HANZLIK, Appellant. [945 NYS2d 229]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered March 9, 2011, convicting defendant, after a jury trial, of murder in the second degree, and sentencing her to a term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Initially, we find no basis for disturbing the jury's determinations concerning credibility and identification.

The testimony of an accomplice who drove the getaway car was properly corroborated (*see* CPL 60.22). Eyewitness testimony placing defendant at the scene of the crime provided sufficient corroboration under the circumstances (*see People v Hudson*, 51 NY2d 233, 240 n [1980]). Any discrepancy, regarding timing, between the testimony of the eyewitness and that of the getaway driver presented a factual question for the jury, and we likewise decline to disturb its resolution of that issue.

The evidence also established defendant's accessorial liability (*see* Penal Law § 20.00) for her codefendant's shooting of the victim. The evidence established that defendant, the codefendant shooter and the driver went to a bar to find the victim. Defendant gave the codefendant a ski mask to cover his face, had a conversation with the codefendant about being ready "to go through with this" and "do what [she] gotta do," went into the bar and located the victim, advised the codefendant of the victim's location in the crowded bar, waited in the car while the codefendant went into the bar, and made sure that the driver continued to wait for the codefendant after the sound of gunfire came from the bar.

Thus, the jury could have readily inferred that defendant's course of conduct evinced knowing and intentional participation in a planned assassination, and not merely her participation in what she believed to be an attempt to obtain money from the victim. The evidence similarly established that, at the time of the crime, defendant specifically intended to cause the death of this particular victim, even if she formed that intent as the result of mistaking the victim for his brother, who may have been the actual target of the conspiracy.

The court properly exercised its discretion in admitting into evidence a hat and/or ski mask as a model or demonstrative aid (*see People v Del Vermo*, 192 NY 470, 482-483 [1908]). The People's eyewitness was cross-examined about the precise type

of mask worn by the gunman alleged to have been the codefendant. On redirect, the court permitted the People to show the witness a mask and ask if it looked like the mask worn by the gunman. The precise description of the mask was at issue and difficult to visualize, so that a model was necessary to assist the jury (*compare People v Mirenda,* 23 NY2d 439, 453 [1969]). Moreover, the defense was permitted to introduce a different kind of mask and elicit testimony from a bartender and a bouncer that this mask, rather than the one introduced by the People, resembled the gunman's mask.

Defendant was not prejudiced by the People's unsuccessful attempt to link defendant and the jointly tried codefendant with the particular mask the People introduced. The court instructed the jury that this mask was not connected to the defendants, and the jury is presumed to have followed that instruction (*see People v Davis,* 58 NY2d 1102, 1104 [1983]).

We perceive no basis for reducing the sentence.

None of defendant's remaining arguments warrant reversal. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.