[999 NE2d 1148, 977 NYS2d 703]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYES RODRIGUEZ, Appellant.

Argued September 12, 2013; decided October 17, 2013

**APPEARANCES OF COUNSEL**

*Law Office of Arnold J. Levine*, New York City (*Arnold J. Levine* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Christopher P. Marinelli* and *Alan Gadlin* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, and the indictment dismissed.

Defendant was convicted on one count of robbery in the first degree and two counts of conspiracy. The principal witnesses against him were accomplices, and their testimony required corroboration under CPL 60.22. The People introduced corroborative evidence that would have been sufficient under *People v Reome* (15 NY3d 188 [2010]). However, at the trial of the case (which took place before the *Reome* decision), the jury was instructed, without objection from the People, that "the corroborative evidence must be truly independent of and may not draw its weight and probative value from the accomplice's testimony." The People thus accepted the more demanding test for corroborative evidence set forth in *People v Hudson* (51 NY2d 233 [1980]) (*see People v Malagon*, 50 NY2d 954, 956 [1980]; *People v Bell*, 48 NY2d 913, 915 [1979]). *Reome* overruled *Hudson*, but that does not help the People here.

Under the *Hudson* standard, the corroborating evidence was insufficient. The evidence that was "independent" of the accomplice testimony in the *Hudson* sense proved, at most, that defendant had driven a minivan that was the same color as a car that was used to commit some of the crimes charged. This by itself did not tend "to connect the defendant with the commission" of the crimes (CPL 60.22 [1]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order reversed and indictment dismissed, in a memorandum.