Rodriguez v State of New York (2018 NY Slip Op 01250)





Rodriguez v State of New York


2018 NY Slip Op 01250


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5783 126967

[*1]Reyes Rodriguez, Claimant-Appellant,
v
The State of New York, Defendant-Respondent.


Kohan Law Group, P.C., Manhasset (Joshua M. Lockamy of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York (Philip V. Tisne of counsel), for respondent.



Order, Court of Claims of the State of New York, (Thomas H. Scuccimarra, J.), entered October 19, 2016, which dismissed the claim alleging unjust conviction (Court of Claims Act § 8-b) as untimely, and denied claimant Reyes Rodriguez's cross motion for partial summary judgment as to liability, unanimously affirmed, without costs.
The claim for unjust conviction was untimely because it was filed more than two years after the Court of Appeals dismissed the indictment (see Court of Claims Act § 8-b[7]), and, as such was properly dismissed. Upon reversing this Court's affirmance of claimant's conviction due to insufficient corroboration of accomplice testimony (People v Rodriguez, 22 NY3d 917 [2013]; see CPL 60.22[1]), the Court of Appeals was required to take whatever corrective action this Court would have been statutorily permitted to take, had it reversed on the same grounds (CPL 470.40 [1]). As this Court's reversal would have compelled it to dismiss the indictment (CPL 470.20[2]), the Court of Appeals was also compelled to dismiss the indictment. Contrary to claimant's argument, upon a finding of insufficient evidence to prove guilt beyond a reasonable doubt, the CPL does not require the Court of Appeals to remit a matter to criminal court before dismissal of the indictment occurs; the Court can effect dismissal on its own, and such dismissal is self-executing. Long v State of New York, (7 NY3d 269 [2006]), does not compel a different result, as there no action was taken on the criminal indictment by the Court of Appeals under CPL 470.40.
Our affirmance of the claim's dismissal as untimely makes it unnecessary to consider claimant's arguments concerning his cross motion for partial summary judgment. Were we to consider those arguments, we would find that claimant failed to make the requisite showing of actual innocence (see Warney v State of New York, 16 NY3d 428, 434 [2011]) and that the cross motion was properly denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK