People v Lee (2020 NY Slip Op 01442)





People v Lee


2020 NY Slip Op 01442


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11180 3977/15

[*1] The People of the State of New York, Respondent,
v
Selwyn Lee, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Robin Jeanne Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered October 31, 2016, as amended January 25, 2017, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of six years, unanimously affirmed.
The court providently exercised its discretion in permitting a testifying police officer to display his police-issued expandable baton to the jury and demonstrate how it expanded. The baton was a suitable model or demonstrative aid (see People v Del Vermo, 192 NY 470, 482-483 [1908]; People v Hanzlik, 95 AD3d 601, 602-03 [1st Dept 2012], lv denied 19 NY3d 997 [2012]). Despite a difference in length, the police baton closely corresponded to the unrecovered object wielded by defendant in the assault, as described in the victim's testimony, with particular reference to its expansion feature, and the essence of the demonstration is sufficiently documented in the record. The court gave a careful limiting instruction that was sufficient to prevent any prejudice. Defendant's remaining arguments on this issue are unavailing.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant used a dangerous instrument in the assault.
The court providently exercised its discretion when it charged the jury on the statutory definition of dangerous instrument, as set forth in the Criminal Jury Instructions, and declined to add language that a fist does not constitute a dangerous instrument. Although defendant is correct that a fist or other body part cannot so qualify (see People v Owusu, 93 NY2d 398, 399 [1999]), there was no reasonable possibility that the jury could have been misled in this regard. The People's theory, throughout the case and as specifically reflected in the parties' openings and summations, was that the only alleged dangerous instrument was the object described by the victim.
Defendant's argument regarding the prosecutor's impeachment of defendant's testimony was not preserved, and we decline to review it in the interest of justice. As an alternative [*2]holding, we find no basis for reversal. We have considered and rejected defendant's ineffective assistance of counsel claim relating to the lack of preservation (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK