## THIRD DEPARTMENT, JUNE, 1983

### (June 2, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY LEE MORRISON, Appellant. — Appeal from a judgment of the County Court of

Broome County (Coutant, J.), rendered March 25, 1981, upon a verdict convicting defendant of the crime of murder in the second degree. As a result of an alleged incident which occurred on August 19, 1980 in the City of Binghamton wherein defendant intentionally caused the death of his wife by suffocating her with a pillow after facilitating her consumption of a phenobarbital overdose, defendant was indicted for the crime of murder in the second degree (Penal Law, § 125.25, subd 1). Following a jury trial he was found guilty of this charge and sentenced to an indeterminate term of imprisonment with a maximum term of life and a minimum term of 15 years. This appeal followed. We hold that the challenged judgment should be affirmed and, in so ruling, find unpersuasive defendant's contention that the proof at trial established, as a matter of law, an affirmative defense for him to the charge of murder in the second degree, to wit: that at the time of the killing he "acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" (Penal Law, § 125.25, subd 1, par [a]). The Court of Appeals thoroughly examined this affirmative defense in *People v Casassa* (49 NY2d 668, cert den 449 US 842) and indicated in its decision therein that the defense would be applicable in mitigation of a murder charge only when the jury concluded, after evaluating the evidence in a case, that leniency for the defendant in the case was justified. Thus, the decision as to whether the defense has been established in a case is largely within the discretionary power of the jury, and we find nothing in the record to warrant our disturbance of the jury's finding that the defense was not proven in this instance. Although it would obviously be troubling to a husband where, as here, his wife has strong suicidal tendencies and makes repeated suicide attempts, evidence to this effect clearly does not mandate a finding in this case, as a matter of law, that the defendant caused the death of his wife "under the influence of extreme emotional disturbance" within the meaning and intent of the pertinent statute. Similarly without merit is defendant's assertion that the trial court erred when it denied his motion to suppress the second, third and fourth inculpatory statements which he gave to the police. A reading of the court's ruling on this motion reveals that, in making its determination, it considered the totality of all the circumstances surrounding defendant's giving of the statements (see *People v Anderson,* 42 NY2d 35), and nothing in the record warrants our finding that any of the statements were involuntarily obtained as a matter of law. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.