■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFFAELA FORTE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of criminal sale and criminal possession of a controlled substance based upon a sale of cocaine to an undercover police officer. On appeal, defendant contends that the evidence was legally insufficient to convict him. He claims that the evidence establishes merely that he was present when the accomplice made the sale to the officer and that there is no evidence to corroborate the accomplice's testimony that the defendant supplied the cocaine for the sale or that he received any money therefrom.

The corroboration required by CPL 60.22 (1) must consist of " 'evidence from an independent source of some material fact tending to show that defendant was implicated in the crime' " *(People v Moses,* 63 NY2d 299, 306, quoting *People v Kress,* 284 NY 452, 460). The independent corroborative evidence need only connect defendant to the commission of the crime; it need not prove that defendant committed it *(see, People v Hudson,* 51 NY2d 233, 238) and need not independently establish each element of the crime *(see, People v Cunningham,* 48 NY2d 938, 940; *People v Edge,* 127 AD2d 889, 890, *lv denied* 70 NY2d 711).

From our review of the record, we conclude that the evidence was legally sufficient. The proof at trial established that the undercover officer went to the home of the accomplice to purchase cocaine; that he had to wait there for the accomplice's "source of supply" to arrive in order to consummate

the sale; that defendant arrived in a maroon Pontiac; that the accomplice met defendant at his car and that they entered the house together; that the accomplice and defendant entered the attic together; that the accomplice then possessed cocaine to sell to the officer; that defendant was physically present when the sale took place; that defendant left the attic after the accomplice received the money from the undercover officer, but remained in the house until after the officer had left; and that defendant left the scene shortly thereafter. This proof established more than defendant's mere presence at the scene of the crime and sufficiently connected defendant to the sale of cocaine to provide the necessary corroboration of the accomplice's testimony *(see, People v Bolden,* 161 AD2d 1126; *People v Comfort,* 151 AD2d 1019, *lv denied* 74 NY2d 807; *People v Chamberlain,* 38 AD2d 306, 310).

We further conclude that the convictions were not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495) and that the court did not abuse its discretion in sentencing defendant to an indeterminate term of five years to life on the criminal sale conviction and a concurrent indeterminate term of 5 to 15 years on the criminal possession conviction. (Appeal from judgment of Monroe County Court, Wisner, J.—criminal sale of controlled substance, second degree.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.