The People of the State of New York, Respondent, v
Melody Martinez, Appellant.

Third Department, July 25, 1991

## APPEARANCES OF COUNSEL

*Patrick A. H. Watts* for appellant.

*Robert M. Carney, District Attorney (Dean Riggi* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

On September 21, 1987, a confidential informant advised Investigator Edward Galligan of the Schenectady Police Department that she could obtain drugs from defendant at 23 Brandywine Avenue in the City of Schenectady, Schenectady County, an address previously under investigation for drug activity. Based on this information, arrangements were made for an uncontrolled drug buy. That night, the informant allegedly went to defendant's residence without a police escort or any money and obtained seven grams of cocaine, which she turned over to Galligan. On September 22, 1987, the informant placed an arranged recorded telephone call to defendant from the police station to discuss a drug purchase. Based on this conversation, Sergeant Dennis Gregorie made application

for a search warrant for 23 Brandywine Avenue supported by two affidavits of the informant. A warrant was issued and was executed at 3:00 A.M. on September 23, 1987 by 7 to 9 police officers. Upon entry into the premises, the police found defendant, four other adults and an infant. Gregorie began questioning the adults as to their names and addresses and, when defendant stated that she lived in the apartment, he handed her the search warrant. At that moment, defendant pointed to Investigator Daniel O'Connor, who was in plain clothes, and stated that "a man was going into her bedroom". O'Connor conducted a search of the bedroom and inside a dresser found a quantity of a white powdery substance which subsequent analysis established to be cocaine. O'Connor also took two envelopes with defendant's name on them which were laying on top of the dresser.

Defendant was indicted for criminal possession of a controlled substance in the first degree. Defendant challenged the search warrant, moving to, *inter alia,* reveal the identity of the informant and to suppress evidence of the telephone conversation and her oral statement. County Court denied the motion following a suppression hearing and a hearing pursuant to *People v Darden* (34 NY2d 177). After a jury trial, defendant was found guilty as charged and was sentenced to an indeterminate prison term of 15 years to life. This appeal followed.

■ Turning first to defendant's claim that the search warrant application was insufficient to establish probable cause under the *Aguilar-Spinelli* standard *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *see also, People v Griminger,* 71 NY2d 635), we have recently held that test to be inapplicable where, as here, "the information that served as the basis for the warrant came from the confidential informant's sworn statement, rather than from hearsay information relayed by a police officer" *(People v Deliz,* — AD2d —, — [Apr. 4, 1991]). Here, however, the affidavits supplied by the confidential informant do not disclose the informant's identity and, indeed, are signed and sworn to by the affiant as "[c]onfidential informant". The question we must consider then is whether a warrant issued pursuant to affidavits signed in such a manner, using a "John Doe" or alias, is void. Our research has not disclosed any New York authority dealing with the issue. Although there is authority to the contrary *(see, United States ex rel. Pugh v Pate,* 401 F2d 6, *cert denied* 394 US 999), in our view the better rule allows the use of "John Doe"

affidavits *(see, People v Stansberry,* 47 Ill 2d 541, 268 NE2d 431, *cert denied* 404 US 873; *People v Mack,* 12 Ill 2d 151, 145 NE2d 609; *see also, United States v McKay,* 2 F2d 257; 2 LaFave, Search and Seizure § 4.3 [f], at 182-184 [2d ed]). In the frequent case where an application for a search warrant is supported by a police officer's affidavit alleging information received from an informant, there is no requirement that the informant's identity be disclosed. It follows that an application supported by an informant's own sworn affidavit, albeit under an alias, is no less sufficient. Indeed, the false-name affidavit provides even better protections, implicating the proscription against false swearing.

■ Under the circumstances present here, we conclude that the court did not err in issuing the warrant. First, record evidence demonstrates that the police were aware of the identity and address of the confidential informant and capable of producing her before the issuing court if so requested. Accordingly, there was someone to take responsibility for the facts alleged. Moreover, the factual information contained in the affidavits provided sufficient probable cause for issuance of the warrant. The informant described the circumstances of the uncontrolled buy, in which she directly participated, and also explained that her telephone conversation, which might otherwise appear cryptic, concerned cocaine. We also note that the informant appeared at the *Darden* hearing and, although she did not testify, acknowledged having signed the affidavits *(see, People v Darden,* 34 NY2d 177, 181-182, *supra; People v Mingo,* 117 AD2d 353, 356, *lv denied* 68 NY2d 772). In sum, the issuing court was satisfied with the sworn testimony of the confidential informant and did not require her production prior to the issuance of the warrant. Defendant cannot now controvert the matters declared under oath which occasioned the finding of probable cause *(see, People v Stansberry, supra).*

■ We also reject defendant's challenge to the admissibility of her statement to the police that a man was going into her bedroom. Although everyone in the apartment had been secured and, thus, the scene was custodial in nature, the statement was not made in response to questioning *(see, People v Harris,* 57 NY2d 335, 342, *cert denied* 460 US 1047), nor did the police purposefully enter the bedroom in order to elicit a response *(see, People v Rivers,* 56 NY2d 476, 480). Defendant voluntarily blurted out, in response to an act, not a question, that someone was going into her bedroom. As such, "[t]he statement was neither induced, provoked nor encouraged by

the actions of the police officers" *(People v Harris, supra,* at 342; *see, People v Rivers, supra; cf., People v Maerling,* 46 NY2d 289, 301); rather it was spontaneous *(see, People v Pulido,* 138 AD2d 641, 642, *lv denied* 72 NY2d 960). Because this issue is largely factual and the record contains evidentiary support for County Court's finding, we should not interfere *(see, People v Maerling, supra; People v McIntyre,* 138 AD2d 634, 636, *lv denied* 72 NY2d 959).

■ Nor are we persuaded that the record contains insufficient evidence to support the conviction. Contrary to defendant's contention, the conviction was not based solely on circumstantial evidence and, thus, the "moral certainty" standard does not apply *(cf., People v Marin,* 65 NY2d 741, 742). Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621). There is no question that defendant lived in the apartment, she was present at the time of the search and the cocaine was located in what she orally acknowledged to be her bedroom. Further evidence was adduced which linked defendant to that room and the dresser where the cocaine was kept, including the presence of some of her clothes and two envelopes bearing her name. This, when viewed in conjunction with the other evidence presented by the prosecution, was sufficient to sustain the conviction. We also conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We have considered defendant's remaining arguments and find them to be meritless.

MAHONEY, P. J., YESAWICH JR., LEVINE and CREW III, JJ., concur.

Ordered that the judgment is affirmed.