■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL N. WAGNER, Appellant.—Weiss, J. P. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 23, 1988, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant saw two 11-year-old boys enter his station wagon in the parking lot of a Holiday Inn in the City of Binghamton, Broome County, and steal a flashlight. He approached the boys on a nearby bridge and, after a brief conversation, grabbed Austin Wilmott in his "privates" and stabbed him with a knife eight times shouting, "You were in my car." The other boy, Stanley Chase, escaped and, by the time he returned with help, defendant was gone. Wilmott died and an investigation ultimately led the police to Virginia, where defendant was in custody following conviction on a charge of sodomy. He was returned to Broome County and indicted on a charge of murder in the second degree. Defendant was convicted after trial and sentenced to a prison term of 25 years to life. This appeal ensued.

Defendant contends that his conviction was against the weight of the evidence because the only direct identification evidence came from Chase. In support of this claim defendant cites to inconsistencies and lies in Chase's previous statements, including his uncertainty at the lineup.

The role of an intermediate appellate review court is to determine the legal sufficiency of the evidence and the weight to be given to that evidence (*People v Bleakley,* 69 NY2d 490). "If based on all the credible evidence a different finding would not have been unreasonable, then the appellate court must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*supra,* at 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62). If it appears that the jury has failed to give the evidence the weight it should be accorded, then the appellate court may set the verdict aside (CPL 470.20 [5]; *People v Bleakley, supra,* at 495). Chase's testimony shows that at the lineup he failed to identify defendant initially but did so after talking to his mother. He explained by saying that he was afraid that defendant could see him. He also vacillated in describing defendant to the police and, in a second statement, admitted that he included items he heard about defendant from others because he thought that information would be helpful. He also admitted lying to the Grand Jury about what he and Wilmott had been doing before defendant attacked him. Defendant

contends that Chase's identification testimony lacked credibility because he had lied. We cannot agree.

It is not uncommon for young children to be uncertain and inconsistent in trial testimony (see, People v Szczepanski, 172 AD2d 884, lv denied 78 NY2d 957 [testimony of 12-year-old sodomy victim found credible despite contradictions, lack of clarity and difficulty with dates and precise number of acts]; People v Figueroa, 153 AD2d 576 [testimony of nine-year-old rape and sodomy victim found credible despite her silence and nondisclosure for two months]). Minor inconsistencies in the testimony of witnesses present questions of credibility to be determined by the trier of fact (People v Dunavin, 173 AD2d 1032), and are of themselves insufficient to show that the testimony was incredible as a matter of law (People v Di Girolamo, 108 AD2d 755, lv denied 64 NY2d 1133). Chase's testimony was supported by defendant's several confessions that he had stabbed Wilmott and it afforded the jury a reasonable basis to find that Chase was truthful at trial even though he may have previously lied. We therefore cannot say that the verdict was against the weight of the evidence on this basis (see, People v Akgun, 139 AD2d 654, lv denied 72 NY2d 855).

Defendant next argues that the failure to find that he acted under the influence of extreme emotional disturbance in killing Wilmott was also against the weight of the evidence. Penal Law § 125.25, which defines murder in the second degree, provides in pertinent part that a defendant so charged who proves by a preponderance of the evidence that at the time of the killing he "acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" (Penal Law § 125.25 [1] [a]; see, People v Walker, 64 NY2d 741; People v Morrison, 95 AD2d 868, 869) may be entitled to mitigation and instead be convicted of the reduced crime of manslaughter in the first degree. Defendant claimed that his recent conviction for sodomizing the young daughter of his girlfriend destroyed his life and that he was unable to control his actions. The proof, however, showed that defendant drove from Virginia to Binghamton, parked his car at the Holiday Inn and began to drink beer, and went skateboarding around the area. When defendant saw the boys running from his car his reaction was cool and deliberate. Defendant took a butcher knife from the car and when he caught the two boys, defendant spoke calmly before grabbing Wilmott in the genitals and stabbing him eight times. Defendant then washed the knife with gasoline to remove blood and

drove around the area trying to sell the vehicle before returning to Virginia. Defendant presented no proof other than his own testimony to support the claimed defense and the jury rejected it, finding instead that defendant's actions were rational and malevolent rather than an uncontrollable response to an insubstantial event by two young boys *(see, People v Feris,* 144 AD2d 691; *People v David,* 143 AD2d 1031, 1032, *lv denied* 73 NY2d 920).

Finally, we find unpersuasive defendant's contention that County Court failed to adequately relate the law to the facts of the case in its instructions to the jury. Any error, if it did occur, had not been raised at trial and was thus not preserved for appeal *(see, People v Carter,* 158 AD2d 851; *People v Ramirez,* 151 AD2d 617, *lv denied* 74 NY2d 851). The record shows that the charge was clear and complete and fully explained the defense. Further explanation after closing arguments was unnecessary and did not deny defendant a fair trial *(see, People v Pepper,* 89 AD2d 714, 715-716, *affd* 59 NY2d 353).

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.