■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRSHAD K. BEY, Appellant.—Mahoney, J.

In September 1989, the State Police began investigations into alleged drug sales at the Econo Lodge and Caravan

Lounge in the Town of Kirkwood, Broome County. To this end, an undercover police investigator, Randall Inniss, purchased 1/8 of an ounce of cocaine from Deborah Stiles, a dancer at the lounge. A larger purchase was subsequently discussed between the two and Stiles gave Inniss a phone number for the Center for Independent Living (hereinafter Center), an extended stay lodging facility attached to the Econo Lodge where Stiles resided. Inniss eventually discovered that the transaction was in jeopardy and a search warrant was subsequently obtained and executed for rooms 305, 409 and 415 at the Center. Terence Chambers and defendant were detained in room 415 and over 15 grams of cocaine packed in 148 packets was found in room 409.

Defendant was initially indicted along with Chambers, Vincent Robinson and Stiles' boyfriend, Willie Alston, III, on two counts of criminal possession of a controlled substance in the third degree and one count of conspiracy in the fourth degree. County Court dismissed the conspiracy count with leave to represent; defendant was subsequently reindicted on that count and his subsequent motion to dismiss the indictment denied.

The People's principal trial witness was Stiles, who testified that she and Alston had sold cocaine for defendant and Chambers since September 1989. Stiles stated that, during the initial sales, Alston would leave room 305 of the Center, where he and Stiles resided, and pick up the prepackaged cocaine from rooms 409 and 415, where defendant and Chambers were living. Stiles testified that she eventually went herself and obtained the ready-for-sale cocaine packets directly from defendant and Chambers. After trial, defendant was convicted on all three counts of the consolidated indictments and, after his motion to set aside the verdict was denied, was sentenced to concurrent prison terms of 1 to 3 years. This appeal followed.

The judgment of conviction should be affirmed. Initially, we reject defendant's arguments that the second indictment should be dismissed both because there was insufficient evidence to corroborate Alston's Grand Jury testimony and because Alston perjured himself at the Grand Jury hearings. Notwithstanding defendant's characterization of the former contention, the CPL states that the validity of a denial of a motion to dismiss an indictment for legal insufficiency is not reviewable from a judgment of conviction which is based on legally sufficient evidence (see, CPL 210.30 [6]). We find the latter contention equally unreviewable (see, CPL 210.30 [6]) and reject defendant's contrary reliance on *People v Pelchat*

(62 NY2d 97). In *Pelchat,* the Court of Appeals found it proper to review the validity of an indictment, based solely upon false testimony, after a *guilty plea (see, supra,* at 109) as distinguished from cases dealing with a subsequent trial, wherein CPL 210.30 (6) is applicable *(see, supra).* The court noted that, unlike plea cases, "the sufficiency of the evidence to convict following a trial is manifest from the record" *(supra,* at 109). Accordingly, defendant is precluded from raising these issues on appeal *(see,* CPL 210.30 [6]; *People v Lewis,* 125 AD2d 918, 919, *lv denied* 69 NY2d 882).

We likewise reject defendant's argument that there was insufficient evidence adduced at trial to establish defendant's guilt. While fully cognizant of our role in determining the legal sufficiency of the evidence *(see, People v Bleakley,* 69 NY2d 490; *People v Wagner,* 178 AD2d 679) and aware that we may set aside a verdict when the trier of fact "has failed to give the evidence the weight it should be accorded" *(People v Wagner, supra,* at 679), we take the position that the evidence here was neither insufficient nor the verdict against the weight thereof so as to disturb the judgment of defendant's conviction *(see, People v Contes,* 60 NY2d 620, 621; *People v Hagmann,* 175 AD2d 502). First, as to defendant's argument that Stiles' testimony was incredible as a matter of law, we note that credibility questions are for the trier of fact, whose province it is to believe all or part of a witness's testimony, even though it is at times confusing and inconsistent *(see, People v Jones,* 141 AD2d 667, *lv denied* 72 NY2d 920). Although in the instant case Stiles' testimony presses the limit of acceptable inconsistency and confusion, after a careful review of the record we cannot find such testimony incredible as a matter of law. Those inconsistencies pointed out by defendant are essentially inconsequential such that questions of credibility in this instance were properly decided by the jury.

We further find that the testimony of Stiles, an accomplice, was sufficiently corroborated so as to comply with the requirements of CPL 60.22. The trial evidence indicates that defendant signed into rooms 409 and 415 of the Center under an alias and that he answered Inniss' phone call just before the search. A Western Union telegram dated October 20, 1989 for $100 from Alston to defendant was found in room 415 and 148 packets of cocaine and notebooks and records of drug transactions were found in room 409. Finally, Robinson was found on his way from room 409 to room 415 and defendant was apprehended therein. In our view, this independent evidence

tends to show that defendant was implicated in the crimes charged (see, People v Forte, 163 AD2d 840). In sum, viewing the evidence in a light most favorable to the People (see, People v Contes, supra), including Stiles' testimony coupled with the other evidence presented (see, People v Martinez, 169 AD2d 340), we find that "a rational trier of fact could have found that defendant's guilt had been proven beyond a reasonable doubt" (People v Dolan, 172 AD2d 68, 75).

Finally, we summarily reject defendant's argument that County Court erred in allowing evidence of defendant's prior illegal drug activities given the indictment count of possession with intent to sell (see, People v Alvino, 71 NY2d 233) and the court's charge to the jury (see, People v Rachles, 177 AD2d 357).

Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).