■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE D. LINKHORN, JR., Appellant.—Levine, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 23, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Defendant was indicted in September 1989 on one count of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree. The charges in the indictment were based on allegations that on July 1, 1989 in Columbus Park in the City of Binghamton, Broome County, defendant, acting in concert with another individual, possessed one eighth of an ounce of cocaine with intent to sell. When the matter proceeded to trial, defendant's alleged accomplice, Richard Davis, testified that both he and defendant were from New York City and that he had agreed to sell narcotics for defendant in Binghamton to pay back money he owed defendant from previous narcotics purchases. Defendant denied knowing Davis from New York City, denied ever selling drugs and stated that he came to Binghamton on July 1, 1989 only to attend a barbecue at the home of a friend, Denise Newby. At the conclusion of trial, defendant was convicted as charged and sentenced to an indeterminate term of imprisonment of 4 to 12 years. This appeal followed.

Defendant's first contention on appeal is that the verdict was not supported by legally sufficient evidence. Specifically, defendant claims that there was insufficient evidence to corroborate the accomplice testimony of Davis as required by CPL 60.22 (1). We disagree. Davis' trial testimony was that he and Newby picked defendant up at the bus station in Binghamton on July 1, 1989, at which time defendant had 80 vials

of cocaine wrapped in a newspaper. They then went to Newby's apartment and, while Davis waited in the car, defendant went into the apartment and returned with 20 vials of cocaine in a brown paper bag. Davis was thereafter dropped off at Columbus Park. Defendant returned to the park 20 minutes later with the paper bag and met Davis at a park bench. As defendant was instructing Davis on how much to charge per vial and what to do when he had finished selling, defendant noticed that the police were coming and told Davis to walk away toward the basketball courts. At that point, Davis either knocked the paper bag onto the ground or threw it near the bench. Defendant and Davis were both apprehended and taken into custody.

Independent evidence corroborating the foregoing testimony was supplied by the testimony of Investigator Gerald Kushner, a member of the Binghamton Police Department Special Investigations Unit. Kushner testified that on the evening of July 1, 1989 he drove into Columbus Park, following a uniformed officer on a motorcycle, and noticed two males walking hurriedly away from a park bench. Under the bench, he observed a brown paper bag with the top twisted. Upon inspection, Kushner discovered 20 vials of white powder, later determined to be cocaine. Kushner and the other officers present stopped Davis and defendant as they were walking away from the bench, took them into custody and transported them to the police station. Upon questioning, both Davis and defendant initially denied any involvement with the cocaine. Investigator Michael Whalen testified that Davis, upon a second interview, admitted his involvement with defendant and the cocaine, explaining that he had come to Binghamton from New York City for the purpose of selling cocaine for defendant.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to support defendant's conviction (see, People v Thompson, 72 NY2d 410, 413; People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932). The testimony of Kushner clearly tended to connect defendant with the crime so as to reasonably satisfy the jury that Davis was telling the truth (see, People v Moses, 63 NY2d 299, 306; People v Daniels, 37 NY2d 624, 629-630). Thus, the corroboration requirement of CPL 60.22 (1) was satisfied. Any inconsistencies in Davis' testimony with regard to certain details and/or the sequence of events were inconsequential (see, People v Bey, 179 AD2d 905, 907) and, in any event, merely presented issues of credibility for the jury's resolution (see, People v

*Malizia, supra; People v Bey, supra; People v Ford,* 174 AD2d 853, 854, *lv denied* 78 NY2d 955).

Defendant's remaining contention is that County Court erred in charging the jury that Davis was an accomplice as a matter of law. This objection, however, was not made at the time of trial and, therefore, has not been properly preserved for our review *(see,* CPL 470.05 [2]; *People v Polito,* 169 AD2d 990, 992, *lv denied* 77 NY2d 999). We find no basis to reverse in the interest of justice *(see,* CPL 470.15 [6] [a]).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.