■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY F. COTRONEO, Appellant. [604 NYS2d 979] —Mercure, J. Appeal from a judgment of the County Court of Tioga County (Smith, J.), rendered June 10, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree.

In our view, County Court did not err in refusing to suppress evidence obtained as the result of searches of defendant, his motorcycle and his residence conducted pursuant to search warrants (1) issued July 24, 1991 by the County Court of Monroe County, authorizing a search of defendant and his motorcycle, and executed following a stop of defendant's motorcycle on the New York State Thruway in the Town of Manchester, Ontario County, on July 25, 1991 (hereinafter the Monroe warrant) and (2) issued July 25, 1991 by the Town Court of the Town of Spencer, Tioga County, authorizing a search of defendant's residence, and executed the same day (hereinafter the Spencer warrant). We accordingly affirm.

Initially, we reject the contention that probable cause was lacking for issuance of the Monroe warrant. Defendant failed to meet his burden of establishing by a preponderance of the evidence that the allegations contained in the application were perjurious or made with a reckless disregard for the truth *(see, Franks v Delaware,* 438 US 154; *People v Tambe,* 71 NY2d 492, 504). Contrary to his assertion, the application did not incorrectly represent that defendant had a "grow room" in his house for the cultivation of marihuana. Rather, it merely recited that defendant told the confidential informant that he had such an indoor growing operation, a fact reasonably supported by the hearing testimony. Additional alleged inconsistencies and infirmities in the informant's testimony merely raised credibility issues which County Court properly resolved in favor of the People *(see, People v Carbone,* 184 AD2d 648, 649). In our view, the warrant application was supported by reasonable, trustworthy information, furnished by a reliable confidential informant and confirmed and corroborated by independent police observations and surveillance.

Defendant's remaining contentions warrant little discussion. We reject the contention that the People failed to comply with the requirements of CPL 690.50. There is no evidence in the record to support defendant's assertion that the police officers failed to advise him that the search following the stop of his motorcycle was conducted pursuant to a search warrant and, in the absence of a claim that defendant asked to see the

warrant, there was no obligation to show it to him *(see,* CPL 690.50 [3]; *People v Rhoades,* 126 AD2d 774, 777, *lv denied* 69 NY2d 1008). We need not consider the contention that the Spencer warrant was not issued upon probable cause, as it is predicated solely upon the claimed deficiency of the Monroe warrant and inadmissibility of evidence seized upon its execution. Finally, although County Court did make a number of incorrect findings of fact, none of them had any bearing on the relevant issues before it.

Weiss, P. J., Cardona, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed.