(November 23, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NERYS ARIAS, Also Known as MARIA SANCHEZ, Appellant. [618 NYS2d 928] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Feldstein, J.), rendered May 13, 1991, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Defendant and codefendant Julie Aviles were arrested on March 20, 1990 after Police Officer Nicola Messere witnessed defendant pass Aviles a plastic sandwich bag containing a white powdery substance which later proved to be cocaine. They were indicted on two counts of criminal possession of a controlled substance in the third degree. Prior to the commencement of defendant's trial, Aviles pleaded guilty. Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree and sentenced to an indeterminate term of incarceration of 8⅓ to 25 years. Defendant appeals.

Contrary to defendant's contention, we find the evidence legally sufficient to demonstrate that defendant constructively possessed the cocaine found on Aviles. "The standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting *Jackson v Virginia,* 443 US 307, 319 [emphasis in original]). Here, despite some inconsistencies in the testimony of prosecution witnesses, the jury could have found that defendant had actual physical possession of the drugs. Messere testified that he saw a plastic bag containing a white substance being passed from defendant to Aviles. Moreover, Aviles confirmed that defendant possessed the bag containing cocaine before passing it to her.

With respect to defendant's claim that County Court erred in refusing to grant her motion to suppress the physical evidence due to inconsistencies between Messere's testimony and Aviles' description of the search conducted upon her, we begin with the axiom that County Court's determination on the admissibility of evidence acquired as a result of a search is afforded great weight, particularly where there are issues of credibility that need to be resolved *(see, People v Lebron,* 184 AD2d 784; *People v Garafolo,* 44 AD2d 86). However, as noted in *People v Lebron (supra),* "[a]lthough, as a general rule, 'issues of credibility are primarily for the trial court [whose] determination is entitled to great weight' on appeal *(People v Garafolo,* 44 AD2d 86, 88) * * * an appellate court will not hesitate to 'refuse to credit testimony which has all appearances of having been patently tailored to nullify constitutional objections' " *(People v Lebron, supra,* at 784, quoting *People v Miret-Gonzalez,* 159 AD2d 647, 649, *lv denied* 76 NY2d 739). We do not find Messere's testimony concerning the passing of drugs from defendant to Aviles incredulous or specifically tailored to meet constitutional objections *(see, People v Malsh,* 188 AD2d 686, *lv denied* 81 NY2d 973). This officer, with years of experience in this neighborhood known for its drug activity, viewed the passing of a plastic bag—the "hallmark" of drug activity *(see, People v Leung,* 68 NY2d 734; *People v McRay,* 51 NY2d 594; *People v Wolf,* 160 AD2d 1076, *lv denied* 76 NY2d 868).

As to the search of Aviles, we acknowledge that the testimony of Messere, Police Officer Steven Sheldon and Aviles was, in certain respects, hopelessly inconsistent. What was

quite consistent, however, was that Aviles consented to the search. We find that whether the police officers or Aviles were truthful in their testimony concerning the location of various evidence simply distills to credibility issues which were for County Court and the jury to determine (see, People v Linkhorn, 184 AD2d 927, lv denied 80 NY2d 905). Assuming, without deciding, that defendant had standing to raise this issue (see, People v Wesley, 73 NY2d 351), we reject defendant's contentions that Aviles' consent to the search was involuntary.

Addressing the contention that Aviles' testimony, as an accomplice, was not corroborated as required by CPL 60.22 (1), we note that the testimony of Messere and Sheldon clearly connected defendant with the commission of the crime. "Any inconsistencies in [Aviles'] testimony with regard to certain details and/or the sequence of events were inconsequential * * * and, in any event, merely presented issues of credibility for the jury's resolution" (People v Linkhorn, supra, at 928 [citations omitted]).

As to defendant's challenges to the accomplice and corroboration charges to the jury, we find no error. As to all other challenges, we find such issues not properly preserved for review (see, People v Brossoit, 192 AD2d 900; People v Longo, 182 AD2d 1019, lv denied 80 NY2d 906) or lacking in merit.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the judgment is affirmed.