■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL HUNTER, Appellant. [642 NYS2d 446] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Sheridan, J.), rendered March 8, 1995, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

In November 1993, defendant was indicted on charges of

criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees. Defendant thereafter made pretrial motions to dismiss the indictment and/or to inspect the Grand Jury minutes. He further moved to suppress the identification testimony, and in the event that he decided not to go trial, he moved for leave to enter an *Alford/Serrano* plea. All of these motions were ultimately denied by County Court. Defendant then agreed to a plea bargain pursuant to which he pleaded guilty to all three counts of the indictment in exchange for a prison sentence of 1 to 3 years. Defendant appeals from the subsequent judgment of conviction.

Defendant contends that County Court erred by denying his pretrial motions. First, he argues that the pretrial identification procedures involved in having the police witnesses identify defendant from a photo array was unduly suggestive. Our review of the record herein, including the transcript of the *Wade* hearing, discloses that the photo array identification was not so suggestive as to violate defendant's due process rights. Although defendant points to various aspects in the testimony of the identifying police officers which he finds inconsistent, such alleged inconsistencies raise issues of credibility that are best resolved by the hearing court (*see, People v Cotroneo*, 199 AD2d 670, *lv denied* 83 NY2d 851). Its findings will not be disturbed when, as in the instant matter, they are fully supported by the record (*see, People v Mena-Coss*, 210 AD2d 745, 746, *lv denied* 86 NY2d 798; *People v Arias*, 209 AD2d 862, 863, *lv denied* 85 NY2d 859).

County Court's denial of defendant's motion to dismiss the indictment and/or to inspect the Grand Jury minutes was also appropriate. The court properly determined that the Grand Jury minutes were legally sufficient to support the charges filed against defendant and that defendant had failed to establish a right to inspect them (*see, People v Miller*, 210 AD2d 724, 726).

Finally, we decline to disturb County Court's denial of defendant's motion to file an *Alford/Serrano* plea. Given the absence of any compelling evidence that defendant was not guilty as charged, such a plea would have been inappropriate (*see, People v White*, 214 AD2d 811, 812, *lv denied* 86 NY2d 742).

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.