■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS KEITH, Also Known as CURTIS KELLY, Also Known as SEAN WASHINGTON, Appellant. [659 NYS2d 540] —Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered August 16, 1995 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and forgery in the second degree.

On October 14, 1994, two Albany police officers were parked in a parking lot in the City of Albany and observed four men walk to an area between a car and a van which were parked in an adjacent lot. The officers saw defendant pass a bag to a person identified as Sean Davis (also known as Clarence Martin), who removed a "large, white, chunky substance" from the bag and handed it to a third man who placed it in his pants.

During this entire exchange, a fourth man was acting as a lookout by glancing around the lot. The men then entered a van and drove away. The officers followed and stopped the van. The four men were arrested when the officers found cocaine under the rear seat occupied by the man who had placed the white, chunky substance in his pants. A fifth male passenger was taken into custody and later released. The relevant facts leading up to the arrest are more particularly set forth in *People v Davis* (228 AD2d 941, *lv denied* 89 NY2d 1010), a case already decided by this Court.

At the police station, defendant identified himself and signed his fingerprint card as Sean Washington. Upon discovery of defendant's real identity, the police charged him with forgery; thereafter, he signed a second fingerprint card as Curtis Keith. Defendant was later indicted on two counts of criminal possession of a controlled substance in the third degree and one count of forgery in the second degree. Defendant and three codefendants were tried in Supreme Court before a jury. Defendant was found guilty of all charges and was sentenced as a second felony offender to two concurrent prison terms of $12^1/_2$ to 25 years on the drug charges and a consecutive sentence of $3^1/_2$ to 7 years on the forgery charge. Defendant appeals.

We affirm. Initially, we reject defendant's contention that the stop of the van constituted an unlawful search and seizure. In our decision affirming the conviction of codefendant Sean Davis (*People v Davis, supra*), we found that the totality of the circumstances as they occurred in the parking lot and as observed by the police officers provided probable cause for the stop, the search and the subsequent arrest of Davis for possession of drugs (*see, id.; see also, People v Alexander*, 218 AD2d 284, 289, *lv denied* 88 NY2d 964). We find no reason to apply a different analysis to defendant in this case.

Next, we reject defendant's contention that the testimony of the arresting officers was patently tailored to avoid any constitutional objections. As a general rule this Court affords great weight to the trial court's determination of issues of credibility; however, we will refuse to credit testimony which has all the appearances of having been patently tailored to nullify constitutional objections (*see, People v Arias*, 209 AD2d 862, 863, *lv denied* 85 NY2d 859). Defendant claims that one of the arresting officers changed his story at trial to indicate that only four individuals were in the group traveling through the parking lot before they entered the van. Upon careful review of the record, however, we conclude that defendant's argument in this regard is clearly without merit; the record amply

confirms that the officer's testimony, with respect to the number of individuals at the scene, was consistent throughout.

We also reject defendant's contention that Supreme Court improperly admitted a photograph into evidence without proper foundation and authentication. A photograph is properly authenticated by testimony of a person familiar with the object portrayed therein that it is a correct representation of its contents (*see, People v Brown*, 216 AD2d 737, 738). In the instant matter one of the arresting officers testified that the picture in question was found with a codefendant's property and that the picture was of the five individuals taken into custody on October 14, 1994. In our view, this testimony sufficiently authenticated the picture in question and, therefore, Supreme Court did not err in admitting the picture into evidence.

Finally, we reject defendant's remaining contentions as lacking in merit, including, *inter alia*, that he was deprived of a fair trial by the prosecutor's summation, that the People failed to prove that defendant knowingly possessed cocaine and that he was aware of the weight of the drugs possessed, and that Supreme Court improperly permitted expert testimony on the drug trade in Albany (*see, People v Davis, supra*).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.