*892 Appeal from, a judgment of Erie County Court (DiTullio, J.), entered January 24, 2001, convicting defendant after a jury trial of criminal possession of marihuana in the third degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the motion is granted, the indictment is dismissed, and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him of criminal possession of marihuana in the third degree (Penal Law § 221.20), defendant contends that the evidence is legally insufficient to support his conviction because the accomplice testimony was not sufficiently corroborated (see CPL 60.22). We agree. Corroborative evidence need not establish all the elements of an offense (see People v Steinberg, 79 NY2d 673, 683 [1992]; see also People v Breland, 83 NY2d 286, 292 [1994]) but, rather, is sufficient if it consists of “evidence from an independent source of some material fact tending to show that defendant was implicated in the crime” (People v Kress, 284 NY 452, 460 [1940]; see People v Moses, 63 NY2d 299, 306 [1984]). Here, however, the evidence offered to corroborate the testimony of defendant’s alleged accomplice, Jacquelyn Thagard, fails to establish anything more than defendant’s mere presence at the scene of Thagard’s criminal activity and thus fails to satisfy the requirements of CPL 60.22. Thagard, who along with defendant was arrested and charged with criminal possession of marihuana in the third degree, pleaded guilty to that charge and was sentenced to a term of probation as part of a plea bargain that required her to testify against defendant. At defendant’s trial, Thagard testified that, at defendant’s request, she carried a bag of marihuana belonging to defendant by secreting it beneath her coat as she and defendant left her residence, entered defendant’s car, and left with defendant driving and Thagard a front-seat passenger. She further testified that the marihuana remained concealed beneath her coat until police officers pulled defendant’s car over, approached on foot, and spoke with defendant, at which point she tossed the marihuana underneath the car.
The only evidence offered by the People to corroborate Thagard’s testimony was the testimony of police detective Niemann. Niemann testified that, while preparing to execute a search warrant at Thagard’s residence, he saw Thagard leave the residence and drive away in a car operated by defendant. Niemann further testified that he and Detective Wells followed in their police vehicle, pulled up behind defendant’s stopped car, *893 and approached it on foot. Finally, Niemann testified that, after Wells asked defendant to step out of the car and while Wells was speaking with defendant, Thagard opened the passenger door and dropped the bag of marihuana underneath the car.
“Presence is relevant on the issue of corroboration where the crime proceeds in an open manner so that the facts of criminality must be known to all present .... Association with an actor in the crime is relevant only if it may reasonably give rise to an inference that the defendant was also a participant” (People v Wasserman, 46 AD2d 915, 916 [1974]). “Presence at the scene of a crime may provide the necessary corroboration where, for example, ‘there was no plausible hypothesis therefor other than that the defendant was a likely participant in the criminal transaction, or, even if there were an innocent explanation therefor, if the circumstances of the crime itself were otherwise such as to import corroborating significance’ ” (People v Moses, 63 NY2d 299, 307 [1984], quoting People v Hudson, 51 NY2d 233, 240 n [1980]).
Here, the corroborating evidence establishes only that Thagard entered defendant’s car while carrying the concealed marihuana and that, approximately five minutes later, while a police detective was speaking with defendant outside of defendant’s car, Thagard dropped the marihuana underneath the car from the passenger’s seat. That evidence is insufficient to corroborate the testimony of Thagard that defendant was a culpable participant in her possession of the marihuana, which did not occur “in an open manner so that the fact of criminality must [have been] known to all present” (Wasserman, 46 AD2d at 916; see People v Lanza, 57 NY2d 807, 809, [1982] revg on dissent 83 AD2d 714, 715 [1981]; see generally Hudson, 51 NY2d at 238-240; cf. People v McLean, 307 AD2d 586 [2003]; People v Forte, 163 AD2d 840 [1990]). We therefore reverse the judgment of conviction, grant defendant’s motion, dismiss the indictment, and remit the matter to Erie County Court for proceedings pursuant to CPL 470.45. Present—Pine, J.P, Hurlbutt, Scudder and Hayes, JJ.